THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON SCRUGGS, | CASE NO. C15-5670-JCC |
| Plaintiff, | ORDER |
| v. | |
| NANCY BERRYHILL, Acting Commissioner of Social Security | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Dkt. No. 23). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

Plaintiff's attorney began representation for backdated Social Security Disability Insurance (SSDI) benefits in 2011. (Dkt. No. 23-1.) Plaintiff signed a contingency fee agreement where upon achieving a favorable outcome and Plaintiff's receipt of backdated benefits, Plaintiff's attorney would receive 25% of the backdated benefits. (*Id*.) Plaintiff's attorney secured a favorable judgement for Plaintiff. (*See* Dkt. No. 19.) Plaintiff's attorney then moved for, and was awarded, EAJA fees for 16.7 hours of work, totaling $3,199.12. (Dkt. Nos. 20, 21-

1.) After Plaintiff received his backdated benefits, Plaintiff's attorney filed this motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1) for $19,106.75. (Dkt. No. 23.)

The parties dispute the reasonableness of the fees resulting from the fee agreement. Dividing the fee requested by the hours worked, Defendant argues Plaintiff's attorney would receive an unreasonable rate of $1,144.12 per hour, which is nearly six times the EAJA rate. (Dkt. No. 25 at 1). Plaintiff's attorney states that this fee is reasonable because of the nature of the work, previous awards of fees for his practice and by this Court, and the policy underlying § 406(b).

Pursuant to § 406(b), a contingency fee agreement is permissible if it awards no more than 25% of the backdated benefits, but the fee must also be reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002). To determine if a fee is reasonable, the Court must start with the fee agreement and then modify the agreement "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (internal quotations omitted). The fee agreement should only be disturbed if there are compelling reasons. *See id.* at 1149. The Ninth Circuit stated fee agreements providing 25% of past-due benefits have become the "most common fee arrangement between attorneys and Social Security claimants." *Id.*

This Court previously addressed the issue of attorney fees in the context of a contingency fee agreement in *La Plant v. Berryhill*, Case No. C14-1143-JCC, Dkt. No. 41 (W.D. Wash. 2017). In that case, there was a contingency agreement that resulted in an hourly rate of $1,187.83. *See id*. This Court considered the existence of a fee agreement, the risk assumed in representation, and other instances of similar fees being granted to the attorney. *Id*. at 2. The Court found the attorney fees to be reasonable. *Id.*

Here, the Court concludes Plaintiff's attorney fees are reasonable. There is no dispute that the contingency fee agreement is reasonable. Moreover, the work was performed on time, the

representation was not substandard, and the resulting fee is consistent with attorney fees received in the District of Oregon[1] and in this Court in *La Plant*. Finally, when reviewing a request for fees under § 406(b), the lodestar method of calculation for a contingency fee agreement is inappropriate because it underappreciates the risk assumed. *See Crawford*, 586 F.3d at 1149. Therefore, Plaintiff's motion for attorney fees (Dkt. No. 23) is GRANTED. Plaintiff's attorney is AWARDED $19,106.75.

DATED this 29th day of June 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] *Chin v. Colvin*, No 3:15-cv-00570-BR (Apr 12, 2017) (awarding $17,280 for an hourly rate of $1,200); *Cook v. Colvin*, No 3:13-cv-01372-HZ (Feb 7, 2017) (awarding $20,191 for an hourly rate of $1,014.62); *Chrestensen v. Colvin*, No 3:15-cv-00091-MC (June 22, 2016) (awarding $12,753.25 for an hourly rate of $1,036.84).